## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**BRANT CRISS**                                                                                           **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO.** 3:22-cv-457-KHJ-MTP

**ROLL-OFFS TRUCKING, INC.**                                                              **DEFENDANT**

### NOTICE OF REMOVAL

NOTICE IS HEREBY GIVEN that Defendant, Roll-Offs Trucking, Inc. ("Defendant"), through counsel, has removed Civil Action No. CI 2022-0071-JA filed in the Circuit Court of Madison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### I. Civil Action Removed

1.     On March 21, 2022, Plaintiff, Brant Criss ("Plaintiff"), filed his Complaint in state court against Defendant as a result of a motor-vehicle accident that occurred on or about November 9, 2020. This state-court action is styled, *Brant Criss versus Roll-Offs Trucking, Inc.*, and is filed in the Circuit Court of Madison County, Mississippi, bearing Civil Action No. CI 2022-0071-JA. A true and correct copy of the certified record of state-court proceedings has been requested and will be timely filed as a separate item as soon as it is received. Copies of the Complaint and Summons filed in state court are attached as Exhibit A and Exhibit B, respectively.

## II. Timeliness of Removal

2.     Defendant was served with the Summons and Complaint on July 11, 2022. Removal is timely because Defendant is filing this Notice of Removal within thirty (30) days of being served. *See* 28 U.S.C. § 1446(b)(1).

## III. Complete Diversity of Parties

3.     According to his Complaint, Plaintiff is an adult resident citizen of Mississippi. Compl. (Ex. A) ¶ 1. Defendant is an Oklahoma corporation with its principal place of business located in Oklahoma. Therefore, in accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship in this case.

## IV. Amount in Controversy Exceeds $75,000

4.     In the Fifth Circuit, "the district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Courts determine whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum "by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $ 75,000." *Amos v. Citifinancial Corp.*, 243 F. Supp. 2d 587, 590 (N.D. Miss. 2003) (citing *Allen*, 63 F.3d at 1336). For this analysis, "the court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought." *Id.* (citing *Allen*, 63 F.3d at 1335). "If the value of the claims is not apparent, then the defendants 'may support federal jurisdiction by setting forth the facts . . . that support a finding of the requisite amount.'" *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (quoting *Allen*, 63 F.3d at 1335).

5.  In the Complaint, Plaintiff alleges that due to the accident, he has suffered "serious, permanent, painful, and disabling injuries to his body and property." Compl. (Ex. A) ¶ 12. His claimed damages include past and future medical and drug expenses; pain, suffering, and mental anguish to date and for the remainder of his life; loss of enjoyment of life and quality of life; loss of household services; lost wages; loss of earning capacity; and permanent disability and disfigurement. *Id.* These alleged injuries and damages make it facially apparent from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (facially apparent that claimed damages exceeded $75,000 where plaintiff alleged physical injuries, medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Colony Ins. Co. v. Ropers of Hattiesburg*, No. 2:11cv3KS-MTP, 2011 U.S. Dist. LEXIS 34026, at *9 (S.D. Miss. Mar. 29, 2011) (compensatory damages sought "would most probably result in the amount of controversy requirement being met" where damages included past and future medical expenses, past and future lost wages, past and future physical pain and suffering, and past and future emotional distress and anxiety); *Holmes v. Citifinancial Mortg. Co.*, 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006) ("Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000."); *Stewart v. Glenburney Healthcare, LLC*, No. 5:08-CV-270-DCB-JMR, 2008 U.S. Dist. LEXIS 106129, at *2 n.1 (S.D. Miss. Dec. 23, 2008) (facially apparent that claimed damages exceeded $75,000 where plaintiff sought compensatory damages for medical expenses, physical pain and suffering, emotional and mental anguish, loss of enjoyment of life, physical injuries, and disfigurement).

6. Even if, however, the Court finds that the amount in controversy is not facially apparent from Plaintiff's Complaint, Defendant "may support federal jurisdiction by setting forth the facts . . . that support a finding of the requisite amount." *Garcia*, 351 F.3d at 639 (quoting *Allen*, 63 F.3d at 1335). In addition, the Court may look to "other paper" to determine if the amount in controversy is satisfied. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." (emphasis added)).

7. Other evidence in this case clearly demonstrates that Plaintiff seeks more than the jurisdictional minimum. In a letter dated August 2, 2021, Plaintiff's counsel made a settlement demand of $70,000 on Plaintiff's behalf. Ex. C, at 2. This demand was based on claimed medical expenses of approximately $4,000. *See id.* However, Plaintiff's counsel noted in the letter his opinion that a reasonable settlement value for Plaintiff's claim was "well in excess of $70,000." *Id.*

8. On July 18, 2022, after Plaintiff had filed his lawsuit, Plaintiff's counsel sent an email to Defendant's counsel stating that Plaintiff was continuing to treat for his injuries, that Plaintiff's medical bills totaled $38,751.80, and that Plaintiff had another injection scheduled at the end of the month. Ex. D. In light of this information, Plaintiff's counsel advised that he could no longer conduct settlement discussions based on the pre-suit demand. *Id.*

9. After Plaintiff's injection, his past medical expenses will likely total more than $40,000, and this total may continue to increase. This does not include the other damages alleged in Plaintiff's Complaint as noted above. At any rate, the July 18 email unequivocally shows that

Plaintiff now seeks to recover well over $75,000, and if there is any ambiguity in the Complaint as to the amount in controversy, the email serves as "other paper" to establish the propriety of removal. *See Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 80 (1st Cir. 2014) (holding that an email qualified as "other paper" under 28 U.S.C. § 1446(b)(3)); *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) ("'[O]ther paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction."); *Allen v. Bulk Logistics, Inc.*, 485 F. Supp. 3d 691, 696 (S.D. Miss. 2020) (email in which plaintiff's counsel stated that plaintiff wanted "at least $100k in his pocket" was "other paper" to support removal); *Davis v. Nat'l Interstate Ins. Co.*, No. 19-12670, 2019 U.S. Dist. LEXIS 188972, at *8 (E.D. La. Oct. 31, 2019) (email from plaintiff's counsel to defense counsel indicating that plaintiff was a candidate for spinal-cord treatment was "other paper" for purposes of 28 U.S.C. § 1446(b)(3)); *Zarate v. Guillory*, No. 16-341, 2016 U.S. Dist. LEXIS 68614, at *13-14 (E.D. La. May 25, 2016) ("In the Fifth Circuit, correspondence between the parties and their attorneys or between the attorneys, such as a post-complaint letter concerning settlement terms, is often accepted as 'other paper' under § 1446(b)." (citing *Addo*, 230 F.3d at 761-62)).

### V. Venue

10. Venue properly rests with this Court pursuant to 28 U.S.C. § 1441(a), as this case is being removed from the Circuit Court of Madison County, Mississippi.

### VI. Notice to State Court

11. Defendant will promptly file a true and correct copy of this Notice of Removal with the Circuit Court of Madison County, Mississippi, and effect removal to this Court. In accordance

with 28 U.S.C. § 1446(d), no further proceedings shall be had in the state court unless and until the matter is remanded.

### VII. Notice to Plaintiff

12.	Consistent with 28 U.S.C. § 1446(d) and as stated in the attached Certificate of Service, a copy of this Notice of Removal is being provided to Plaintiff's counsel.

### VIII. Conclusion

13.	For the previous reasons, Defendant requests that this Court receive and place on its docket this Notice of Removal and that the Circuit Court of Madison County, Mississippi, not proceed any further in this action unless and until it is remanded.

Dated: August 9, 2022.

Respectfully submitted,

**Roll-Offs Trucking, Inc., Defendant**

By:	/s/ C. Landon Kidd
	James R. Moore, Jr. (MSB #3445)
	C. Landon Kidd (MSB #104521)
	*Attorneys for Defendant*

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
1076 Highland Colony Parkway
600 Concourse, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone: 601-856-7200
Fax: 601-856-7626
jmoore@cctb.com
lkidd@cctb.com

## **CERTIFICATE OF SERVICE**

I, James R. Moore, Jr. / C. Landon Kidd, certify that I have served a true and correct copy of the previous document, via electronic mail, to the following:

Nicholas A. Puckett, Esq.
MORGAN & MORGAN, PLLC
npuckett@forthepeople.com
*Attorney for Plaintiff*

Dated: August 9, 2022.

                                                      */s/ C. Landon Kidd*
                                                    James R. Moore, Jr.
                                                    C. Landon Kidd