UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRANT CRISS                                                                 PLAINTIFF

V.                                         CIVIL ACTION NO. 3:22-CV-457-KHJ-MTP

ROLL-OFFS TRUCKING, INC.                                 DEFENDANT

ORDER

Before the Court are Defendant Roll-Offs Trucking, Inc.'s [73] Omnibus Motion in Limine, and Plaintiff Brant Criss's Motions in Limine. [77]; [78]; [79]; [80]; [81]; [82]. For the reasons below, the Court grants in part and denies in part Roll-Offs' [73] Omnibus Motion in Limine; grants Criss's [77] First Motion in Limine; grants in part and denies in part Criss's [78] Second and [79] Third Motions in Limine; and grants Criss's [80] Fourth, [81] Fifth, and [82] Sixth Motions in Limine.

I.     Background

This case arises from an automobile accident, involving Criss and one of Roll-Offs' truck drivers, Jody White. *See* Compl. [1-1] ¶¶ 5–9. Criss brought a respondeat superior claim against Roll-Offs. *Id.* ¶¶ 10–11. Roll-Offs stipulated to liability and stated that "no other individuals or entities caused or contributed to the subject accident." Stipulation of Liability [31] at 1. The only remaining issue is Criss's damages. *Id.* The case is set for trial beginning February 20, 2024. The parties have filed motions in limine that the Court now addresses.

II. Standard

The purpose of a motion in limine is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *White v. Dolgencorp, LLC*, 3:21-CV-738, 2023 WL 2703612, at *1 (S.D. Miss. Mar. 29, 2023) (quoting *Raju v. Murphy*, No. 3:17-CV-357, 2022 WL 1608043, at *1 (S.D. Miss. May 21, 2022)). Therefore, rulings addressing "broad classes of evidence 'should often be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in proper context.'" *Id.* (quoting *Rivera v. Salazar*, No. C-04-552, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008)). A ruling on a motion in limine is preliminary. *Id.* The issue may be revisited at trial, but the party sponsoring the evidence "must raise the issue outside the jury's presence." *Parker*, 499 F. Supp. 3d at 299 (quotation omitted).

III. Roll-Offs' Omnibus Motion in Limine [73]

Roll-Offs moves the Court to exclude several pieces of evidence. The Court addresses each in turn.

A.  Source of Payment for White's Counsel

Jody White drove the truck that collided with Criss on November 9, 2020. [1-1] ¶¶ 6–7. Criss did not sue White but took his deposition in August 2023. *See* White Dep. Tr. [73-1]. White is unavailable for trial, so Criss intends to offer White's deposition testimony. *See* Pl.'s Opp'n Mem. [86] at 5, 10; Fed. R. Civ. P. 32(a)(4)(B). White's attorneys, who were present at his deposition, are the same attorneys representing Roll-Offs in this lawsuit; Roll-Offs moves the Court to exclude evidence of and references to that fact. *See* Def.'s Supp. Mem. [74] at 1–2. Criss opposes this motion and argues the evidence shows White's bias. [86] at 2, 5–9. The Court has ordered the parties to designate deposition testimony and file related objections by January 26 and February 5, respectively. *See* Text Order Jan. 18, 2024. The Court reserves ruling on this matter until the parties do so.

B.  White's Testimony on Fault

Portions of White's deposition testimony show he believes Criss may have partially caused the accident. *See, e.g.*, [73-1] at 9:22–24. Roll-Offs moves to exclude these statements and any references to them. [74] at 2. Criss opposes this motion. *See* [86] at 9–13. The Court reserves ruling on this matter until the parties submit their deposition designations and objections.

C.  Golden Rule Arguments

Roll-Offs moves to exclude the use of "Golden Rule arguments." [74] at 2–3. This type of argument encourages the jury to "place themselves in the plaintiff's position and do unto him as they would have him do unto them." *Whitehead v. Food*

3

*Max of Miss., Inc.*, 163 F.3d 265, 278 (5th Cir. 1998). Criss does not oppose excluding these arguments, [86] at 13, so the Court GRANTS the motion.

    D.  Reptile Theory Arguments

Next, Roll-Offs moves to exclude references to personal safety, community safety, conscience of the community, danger to the community, and other similar "reptile theory" topics and phrases. [74] at 3. Criss is largely unopposed, but he "reject[s] a wholesale grant of this motion," citing the need to ask similar questions in voir dire to determine potentially biased jurors. [86] at 15.

"The Fifth Circuit has condemned 'community conscience' arguments and 'all impassioned and prejudicial pleas intended to evoke a sense of community loyalty, duty, and expectation.'" *White*, 2023 WL 2703612, at *2 (quoting *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1238–39 (5th Cir. 1985), and granting defendant's motion in limine). "'[R]eptile theory' arguments fall into this category." *Id.*; *see also Jackson v. Low Constr. Grp., LLC*, No. 2:19-CV-130, 2021 WL 1030995, at *2 (S.D. Miss. Mar. 17, 2021); *Woulard v. Greenwood Motor Lines, Inc.*, 1:17-CV-231, 2019 WL 3318467, at *2–3 (S.D. Miss. Feb. 4, 2019); *Grisham v. Longo*, No. 3:16-CV-299, 2018 WL 4404069, at *1 (N.D. Miss. Sept. 14, 2018). As the Fifth Circuit has explained, "[s]uch appeals serve no proper purpose and carry the potential of substantial injustice when invoked against outsiders." *Westbrook*, 754 F.2d at 1239. Accordingly, the Court GRANTS this motion.

Additionally, the Court addresses Criss's request for clarity on whether these two questions posed in White's deposition would be excluded:

> Q. Do you agree that when you're out there driving a commercial motor vehicle, that safety of other motorists is the most important thing?
>
> Q. When you're driving a commercial motor vehicle, Jody, do you agree that you should make sure that the path is clear ahead of you and to your side before you change lanes?

[86] at 14. The Court orders these questions excluded. They "are not relevant to any issue in the present case, . . . and even if marginally relevant, the probative value of [these questions] would be substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, and wasting time." *Woulard*, 2019 WL 3318467, at *3 (citing Fed. R. Evid. 401–403). This is especially true where, as here, liability is uncontested.

The Court clarifies that the other examples Criss cites for his concern over the ability to effectively conduct voir dire—questions related to past experiences with 18-wheelers or personal animus towards 18-wheelers—do not fall under the reptile theory because they are designed to elicit information to determine juror impartiality, rather than appeal to sympathy or emotion to influence an outcome.

Any other reptile theory issues may be raised at trial outside the jury's presence. *See White*, 2023 WL 2703612, at *2.

E.  Drug/Alcohol Test and Employment Status

Criss does not oppose Roll-Offs' motion to exclude references to White not taking a drug or alcohol test after the collision. [86] at 16. Criss also does not oppose Roll-Offs' motion to exclude references to White no longer working for Roll-Offs or the circumstances of his departure. *Id.* The Court therefore GRANTS both motions as confessed.

F. Criss's Vehicle Hitting a Wall

In a handwritten statement following the accident, White stated that "[Criss's vehicle] hit the wall." [73-2] at 1. Later, both White and Criss testified in their depositions that Criss's vehicle did not hit a wall, or anything else, after the collision. *See* [73-1] at 48:25–49:19 (responding to questions about written statement); Criss Dep. Tr. [73-3] at 89:12–90:5, 128:21–129:2. Roll-Offs moves to exclude any references to White's written statement. [74] at 8. Criss opposes this motion. *See* [86] at 16–17. The Court has ordered the parties to designate deposition testimony and file related objections by January 26 and February 5, respectively. The Court reserves ruling on this matter until the parties do so.

G. Discovery Disputes

Roll-Offs "anticipates that [Criss] will attempt to reference discovery disputes between the parties and allude to documents and other materials withheld from production." [74] at 8. Roll-Offs thus moves to exclude any references to discovery disputes between the parties. *See id.* at 8–9. Criss's opposition to this motion focuses on describing the discovery dispute rather than opposing Roll-Offs' arguments on the dispute's admissibility. *See* [86] at 18–19. Still, "[r]eferences to discovery disputes . . . are not relevant or probative." *Affordable Care, LLC v. JNM Off. Prop., LLC*, No. 1:19-CV-827, 2022 WL 291716, at *3 (S.D. Miss. Jan. 31, 2022); *see also Haddonfield Foods, Inc. v. So. Hens, Inc.*, No. 2:20-CV-84, 2023 WL 2355902, at *3 (S.D. Miss. Mar. 3, 2023) (granting motion in limine and explaining

6

that "[t]his is a trial about the merits, and the mention of discovery disputes has no relevancy to the issues at hand"). The Court GRANTS this motion.

      H.  Motions Related to Investigator Rodney Perro

Six of Roll-Offs' motions relate to Rodney Perro, the investigator hired to surveil Criss following the accident. *See* [74] at 10–12. Criss does not oppose two of these motions: (1) Roll-Offs' motion to exclude references to whether Perro prepares explanations for potential confrontations during surveillance; and (2) Roll-Offs' motion to exclude references to Perro being confronted by someone during his investigation of Criss. [86] at 20, 22. The Court GRANTS these motions as confessed.

Criss opposes the other four motions, which seek to exclude: (3) references to whether Perro ever tries to engage his subjects; (4) characterizations of Perro as a "secret spy" or references to him "trying to 'catch'" Criss lying about his injuries; (5) references to how many people Perro has surveilled in his career; and (6) hypothetical questions about the surveillance video "not showing the whole picture" or being "taken out of context." *See* [74] at 10–12; [86] at 20–27. Criss describes these motions as an attempt to "micromanage and limit the cross-examination" of Perro. [86] at 27. Roll-Offs responds that the Court should grant these motions because broaching these topics would seek to inflame the jury against Roll-Offs by making Perro look "bad," "sneaky," and like he is "trying to 'catch'" Criss lying or exaggerating about his injuries. [74] at 10; Def.'s Reply [87] at 7–9.

7

"Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *White*, 2023 WL 2703612, at *1 (quotation omitted). The Court declines, before trial, to limit the scope of Criss's cross-examination of Perro. "These objections should 'be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in proper context.'" *Id.* (quotation omitted). The Court thus DENIES these motions.

IV. Criss's Motions in Limine [77–82]

Criss also moves to exclude several pieces of evidence. The Court addresses each motion in turn.

1. Criss's First Motion in Limine [77]

Criss moves to exclude "any testimony and/or opinions of any individuals not previously identified, nor specifically and/or timely disclosed as having knowledge of relevant facts involved in this litigation." Pl.'s Supp. Mem. [76] at 2. Roll-Offs does not oppose that motion, "as long as the prohibition applies" to Criss, too. Def.'s Opp'n Mem. [84] at 1. The Court GRANTS the motion and orders the prohibition applicable to both parties.

2. Criss's Second Motion in Limine [78]

Criss's second motion concerns the collateral source rule. [76] at 3. "Under [the collateral source] rule, a defendant tortfeasor is not entitled to have damages for which he is liable reduced by reason of the fact that the plaintiff has *received compensation* for his injury by and through a totally independent source, separate and apart from the defendant tortfeasor." *Bailey v. Comcast of La./Miss./Tex., LLC*,

No. 3:22-CV-147, 2023 WL 3205337, at *4 (S.D. Miss. May 2, 2023) (quoting *Coho Res., Inc. v. McCarthy*, 829 So. 2d 1, 19 (Miss. 2002)). "As an evidentiary principle, the rule bars a party from introducing evidence that a plaintiff *has received payments* from a collateral source in order to mitigate damages." *Id.* (citing *Geske v. Williamson*, 945 So. 2d 429, 434 (Miss. Ct. App. 2006)).

Criss argues that "[a]llowing [Roll-Offs] to reference, suggest, mention, and/or show documentation that [he] received payment of medical bills would violate the collateral source rule." [76] at 3. But the rule applies only when "compensation is for the same injury for which the damages at issue are sought." *Geske*, 945 So. 2d at 434 (citation omitted). And "if evidence is introduced for a purpose other than to mitigate damages, the collateral source rule is not violated and the evidence may be admitted." *Id.* (citation omitted).

Accordingly, the Court GRANTS the motion to the extent that it asks the Court to exclude collateral source evidence offered to mitigate damages related to the subject accident. It DENIES the motion to the extent that it requests such evidence excluded for any other purpose. But if Roll-Offs determines during trial that collateral source evidence is relevant for another purpose, counsel, to be sure, should raise the matter with the Court outside the presence of the jury.

3. Criss's Third Motion in Limine [79]

Criss moves to exclude the surveillance video of Criss taken by Perro. [76] at 3. He argues that because the video was substantive evidence, Roll-Offs should have

9

produced it in discovery. *See id.* at 3–4. Criss concludes that Roll-Offs' failure to timely disclose the video precludes its production at trial. *Id.* The Court disagrees.

In support, Criss relies on *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993). [76] at 4. In *Chiasson*, the plaintiff-employee sued his employer under the Jones Act for negligence and unseaworthiness of the vessel on which plaintiff served. *Chiasson*, 988 F.2d at 514. At trial, the district court admitted defendant's surveillance video, which defendant did not disclose in discovery, of the plaintiff engaged in daily activities following her injury. *See id.* at 514–15. The Fifth Circuit found the district court committed reversible error and held: (1) regardless of impeachment value, the video evidence of the plaintiff tended to prove or disprove the extent of her losses, so it was substantive evidence that the defendant should have disclosed in discovery; and (2) admission of the tape following nondisclosure was not harmless error in light of the tape's important effect on the verdict and likely impact the tape would have had on settlement negotiations had it been properly disclosed. *See id.* at 517–18.

Here, the Court agrees with Criss that the tape is substantive evidence under *Chiasson* and that Roll-Offs failed to timely disclose it. But Roll-Offs *did* disclose the evidence seven days after discovery closed and six months before trial. *See* Mot. for Extension of Disc. [67] ¶ 7. In contrast, the defendant in *Chiasson* did not disclose the evidence "until trial was underway[,] and the district court did not allow the plaintiff to view the surveillance videotape before it was played to the jury." *Van Winkle v. Rogers*, 82 F.4th 370, 383–84 (5th Cir. 2023) (citing *Chiasson*, 988 F.2d at

10

514, 517, and affirming district court's denial of motion to exclude video surveillance evidence). "Accordingly, *Chiasson* does not assist [Criss]." *Id.* at 384.

Federal Rule of Civil Procedure 37 states that a party who "fails to provide information or identify a witness as required by Rule 26(a) or (e)" may not "use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). So the question here is whether Roll-Offs' one-week-late disclosure of the surveillance video is harmless. The Court considers four factors to make that determination: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Taylor v. Walmart Transp.*, No. 3:20-CV-162, 2021 WL 2556592, at *1 (S.D. Miss. June 22, 2021) (quoting *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)).

First, Criss does not dispute the video's importance. To the contrary, he buttresses its importance by labeling it "substantive evidence." [76] at 4. As to the next two factors, including the video at trial will not unfairly prejudice Criss. Roll-Offs produced the video on August 25, 2023. [67] ¶ 7. On September 15, the Court re-opened discovery for 30 days for the parties to conduct discovery on surveillance-related issues. [68] at 1. Criss deposed Perro on October 4, more than a month after he received the video. *See* [76] at 4. By the time the parties try the case, Criss will have had the video for over six months. These factors do not support excluding the

11

video. *See Van Winkle*, 82 F.4th at 384. The last factor supports exclusion. Roll-Offs' belief that disclosure was unnecessary because it planned only to use the video as impeachment evidence is not a persuasive explanation, especially considering Fifth Circuit precedent to the contrary. *See* [84] at 3; *Chiasson*, 988 F.2d at 517. Still, Criss did not respond to Roll-Offs' arguments under the controlling four factors, and the Court finds the weight of the factors supports not excluding the video. *See* [88] at 1–3.

The Court addresses one more issue tied to this motion. Criss raises concerns that the video constitutes only 20 minutes of the 16 hours billed to Roll-Offs for surveillance. *See* [76] at 4. He moves to exclude any other surveillance materials not disclosed, including a surveillance report that has been the subject of much dispute in discovery. *Id.* at 5; *see also* [86] at 18–19. In response, Roll-Offs represents to the Court that Perro's testimony on direct examination will be limited to authenticating the surveillance video. [84] at 3–4.

The Court thus DENIES the motion to exclude the surveillance video and GRANTS the motion to exclude the contents of the surveillance report. The Court orders that any other testimony beyond authentication of the video be excluded from Perro's testimony on direct examination.

    4.  Criss's Fourth Motion in Limine [80]

Criss moves to exclude evidence and expert opinions not disclosed in discovery. [76] at 6–7. Roll-Offs does not oppose, if the exclusion applies to Criss,

too. [84] at 5. The Court GRANTS the motion and orders the prohibition applicable to both parties.

      5.  Criss's Fifth Motion in Limine [81]

Criss moves to exclude "evidence of [Criss's] work history including any testimony or documents related to termination or disciplinary matters." [76] at 7. Roll-Offs opposes, explaining that it may ask about such matters on cross-examination to impeach Criss's character for truthfulness under Rule 608. *See* [84] at 5–6 (citing Fed. R. Evid. 608).

"Rule 608(b) authorizes inquiry only into instances of misconduct that are clearly probative of truthfulness or untruthfulness, such as perjury, fraud, swindling, forgery, bribery, and embezzlement." *United States v. Heard*, 709 F.3d 413, 433 (5th Cir. 2013) (quoting *United States v. Tomblin*, 46 F.3d 1369, 1389 (5th Cir. 1995)). This Court has "substantial discretion in admitting testimony under Rule 608(b)." *Id.* (citation omitted). And even if such inquiry is admissible under Rule 608(b), its admissibility remains subject to Rule 403. *See United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987).

Criss anticipates Roll-Offs will ask him about his termination from Faurecia in 2017 and opposes this line of questioning. In his deposition, Criss explained that he left Faurecia because he "got into some trouble." Criss Dep. Tr. [88-2] at 48:11. When asked by Roll-Offs if he "went to a liquor store to buy some tube[]s and ended up giving them to the coworkers[,]" Criss responded, "Yes, sir." *Id.* at 52:16–19. In his termination letter, a Faurecia representative stated, "[w]hen we questioned

13

[Criss] about this inciden[t] he responded as to not having any knowledge of distributing any alcoholic beverage." [88-1]. But "30 minutes after" being escorted off the premises, the representative stated that Criss called and said, "he had too much respect for me to continue the lie" and "admitted" to handing out the beverages. *Id.*

The court finds that this evidence is not *clearly* probative of Criss's character for truthfulness. *See Waterman v. McKinney Indep. Sch. Dist.*, 642 F. App'x 363, 371 (5th Cir. 2016) (affirming exclusion of evidence about failure to disclose a prior termination on her employment application); *EEOC v. Bobrich Enters.*, No. 08-10162, 2009 WL 577728, at *4 (5th Cir. Mar. 6, 2009) (per curiam) (affirming district court's exclusion of job-application-misrepresentation evidence). And Rule 403 allows the district court to exclude relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . [or] wasting time." Fed. R. Evid. 403. Here, the termination letter is unclear as to whether Faurecia terminated Criss because he gave alcohol to his coworkers or because he first denied doing so. But this incident occurred seven years ago. Moreover, after being escorted out and with no apparent incentive to do so, Criss called and corrected the record. Delving into this incident has little probative value, great potential to prejudice the jury against Criss, and virtually no relevance to the sole issue in this case—the amount of damages owed to Criss for the injuries he sustained as a result of the accident. The Court GRANTS the motion.

      6. Criss's Sixth Motion in Limine [82]

Criss moves to exclude evidence that he "was arrested and taken to jail from the scene of the collision because he had an outstanding warrant for unpaid traffic tickets . . . ." [76] at 7–8. Roll-Offs does not oppose the motion, but states that—without mentioning the arrest—it seeks to establish that Criss did not seek medical treatment on the date of the accident. [84] at 6. Criss did not respond. *See* [88] at 1–3. The Court GRANTS the motion as confessed.

V.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Court grants in part and denies in part Roll-Offs' [73] Omnibus Motion in Limine; grants Criss's [77] First Motion in Limine; grants in part and denies in part Criss's [78] Second and [79] Third Motions in Limine; and grants Criss's [80] Fourth, [81] Fifth, and [82] Sixth Motions in Limine.

SO ORDERED, this 24th day of January, 2024.

                                          s/ *Kristi H. Johnson*
                                          UNITED STATES DISTRICT JUDGE